[Civ. No. 8525. Second Appellate District, Division One.—January 24, 1935.]

THE FARMERS AND MERCHANTS NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent, v. COHN–CHERNIS–GRUNSFELD, INC. (a Corporation), Appellant.

Zach Lamar Cobb and Earl A. Littlejohns for Appellant.

Lawler & Degnan for Respondent.

HOUSER, J.—From the evidence adduced on the trial of the action it appears that the plaintiff (hereinafter designated as the bank) brought an action against the defendant for an alleged unpaid balance due on a promissory note which the defendant had executed in favor of the bank. As a defense to the action, in substance the defendant claimed that it was entitled to a credit on the payment of said note for the reason that, without any authorization given by it to do so, the bank wrongfully had charged to a checking account that the defendant had with the bank certain items of interest and installments of principal that from time to time had accrued on another promissory note that theretofore had been given to the bank by the president of the defendant corporation in his own behalf and on account of a private and personal indebtedness that he owed to the bank. On the trial of the action it was admitted that the bank had no direct authorization from the defendant to make the charges to which reference hereinbefore has been had; but in order to counteract the effect of such alleged facts, the bank asserted that because, monthly, during a comparatively long period of time it had rendered to the defendant a statement of its account with the bank, which statement invariably included a charge of an item of interest and installment of principal on the unpaid note of the president of the defendant company,—to which charge the defendant interposed no objection,—the defendant was bound first, as for an account stated; secondly, that by certain acts, conduct and declarations of the defendant it had ratified such charges; thirdly, that by reason of such acts, declarations and conduct, coupled with the fact that in reliance upon them as a ratification of such charges, the bank had changed its position with reference to other financial debtors who were directly interested and concerned with such charges,— which otherwise it would not have done,—an estoppel had been created as to the defendant; and fourthly, that for a valuable consideration moving from the bank to the defendant, an accord and a satisfaction as to the differences exist-

ing between the parties had been respectively reached and consummated.

The case was tried before the court sitting with a jury; and in the course of such trial it was stipulated by the respective parties that certain issues of fact only should be submitted to the jury for its determination, and that based upon such findings as to the essential issues thus submitted in the case, a judgment should be rendered by the trial court. In accordance therewith, following the introduction of evidence, the argument by respective counsel, the instructions to the jury, and the return of its verdict, judgment was rendered in favor of the bank. It is from such judgment that the instant appeal is taken.

For the asserted reason that "the trial court erred in instructing the jury that the burden of proof was on the defendants", the appellant urges that the judgment should be reversed.

The language of the criticised instruction given by the court to the jury was as follows:

"In this case the original case of the plaintiff, the bank, is made out by the admission that the note was originally executed and unpaid, unless it has been offset by the credits made by the application of these payments, as claimed by the defendant corporation; so that the burden of proof is upon the defendant corporation to establish the facts in connection with those claims—the claims made by them."

With reference to such instruction, the appellant insists that it was an incorrect declaration of the law in that thereby the jury was informed that as to each of the several issues in the case, particularly those which related to whether an account had been stated, ratification, estoppel or an accord and a satisfaction, the burden of proof was not placed on the plaintiff where it properly belonged, but was placed upon the defendant to establish the nonexistence of either or any of them. On the other hand, in its analysis of the language of the instruction, the respondent points to the phrase "the claims made by them" (the defendants), and thereupon argues that the plain construction that should be given to the instruction is that as to the credits to which the defendant claimed it was entitled, "the burden of proof is (was) upon the defendant corporation to establish the facts in connection with those claims";—and

that so construed, the instruction was not properly subject to criticism by the appellant. (Sec. 1981, Code Civ. Proc.) However, whatever may be the correct legal principle to be applied in that regard, in any event, both by the provisions of section 4½ of article VI of the Constitution and many pertinent decisions, the rule is made effective that "no judgment shall be set aside . . . on the ground of misdirection of the jury, . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice". So that, even assuming (without conceding) that the appellant is right in its contention with regard to the meaning that should be attributed to the language employed in the questioned instruction, unless this court may say that it "has resulted in a miscarriage of justice", the judgment rendered by the trial court should not be set aside. In that connection, a review of the record herein discloses the situation that the evidence adduced in behalf of the plaintiff with respect to the several issues that were submitted to the jury not only preponderated in favor of the answers made by the jury in response to such special issues, but that such evidence was overwhelming in that regard. In the absence of any successful attack upon the integrity of the several witnesses and the genuineness of the documentary evidence introduced on the trial of the action, no conclusions other than those made by the jury could reasonably have been reached. It follows that the judgment should not be reversed because of the giving of the instruction to the jury of which complaint has been made.

■ Appellant also complains generally that the instructions given by the court to the jury were argumentative in character, and that one instruction was given "after the special interrogatories had been submitted to the jury in advance of argument, and after the argument of counsel had been completed".

Neither of such points appears to be seriously presented. At any rate, after consideration given to them, including a careful review of all the instructions that were given to the jury, this court is unable to find anything therein which is legally objectionable with reference to the implied assertion that in such instructions the court indulged in "argument"

that in any way could have affected the verdict or answers returned by the jury. The other point is clearly without merit.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.